Andrew Reichardt, Utah Bar # 11343
Attorney for the Estate of Troy A. Lindquist
5330 South 900 East, Suite 115
Salt Lake City, UT 84117
(801) 261-3400
andrew@utdisability.com

---

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| THE ESTATE OF TROY A. LINDQUIST, | |
| Plaintiff, | **ERISA COMPLAINT** |
| v. | |
| UNUM LIFE INSURANCE COMPANY OF AMERICA, | Civil Act. No.: |
| Defendant. | |

### COMPLAINT FOR RECOVERY OF PLAN BENEFITS AND FOR THE ENFORCEMENT OF RIGHTS UNDER ERISA

COMES NOW, Plaintiff, THE ESTATE OF TROY A. LINDQUIST, and makes the following representations to the Court for the purpose of obtaining relief from Defendant's refusal to pay Long Term Disability benefits due under an employee benefits plan, and for Defendant's other violations of the Employee Retirement Income Security Act of 1974 ("ERISA"):

### JURISDICTION AND VENUE

1.  This Court's jurisdiction is invoked pursuant to 28 U.S.C. § 1337 and 29 U.S.C. § 1132(e) (ERISA § 502(e)).  Plaintiff's claims "relate to" an "employee welfare benefits plan" as defined by ERISA, 29 U.S.C. § 1001 et seq. and the subject Disability Plan

constitutes a "plan under ERISA."

2.      The ERISA statute, at 29 U.S.C. § 1133, as well as Department of Labor regulations, at 29 C.F.R. § 2560.503-1 provide a mechanism for administrative or internal appeal of benefits denials.  In this case, those avenues of appeal have been exhausted and this matter is now properly before this court for judicial review.

3.      Venue is proper within the Central Division of the District of Utah pursuant to 29 U.S.C. § 1132(e)(2).

## PARTIES

4.      Troy A. Lindquist (hereinafter "Lindquist") was a resident of Salt Lake County, Utah at all relevant times prior to his death in Salt Lake County on November 10, 2020.

5.      Plaintiff, The Estate of Troy A. Lindquist (hereinafter "the Estate"), was formed in Salt Lake County upon Lindquist's death and is the proper party to pursue relief in this claim.

6.      The Estate alleges upon information and belief that Unum Life Insurance Company of America (hereinafter "Unum") is an insurance company authorized to transact the business of insurance in this state.  Unum is the underwriter for Group Policy Number 633040 001 and may be served with process by serving Corporation Service Company, 15 W. South Temple, Suite 600, Salt Lake City, UT 84101.

7.      The Estate alleges upon information and belief that Defendant Unum established the policies and procedures governing the payment or denial of claims, the policy for document retention and otherwise established the procedures under which the decision-makers made the decision to deny benefits that is the subject of this lawsuit, and was the *de facto* decision-maker in Lindquist's claim.

**FACTS**

8. Lindquist was employed by DLA Piper LLP (US) in its Utah office. By virtue of his employment, Lindquist was a participant or beneficiary of the DLA Piper LLP (US) Plan ("Plan") providing participants with coverage under group disability insurance policy number 633040 001, issued by Unum.

9. The Plan provides coverage for three groups of employees. Lindquist was a Group 3 employee.

10. Group 3 participants are subject to an elimination period of 365 calendar days.

11. Group 3 participants are considered disabled for the first 24 months of benefit payments if:

- you are limited from performing the material and substantial duties of your regular occupation due to your sickness or injury; and

- you have a 20% or more loss in your indexed monthly earnings due to the same sickness or injury.

12. Further, the participant must be under the regular care of a physician to be considered disabled.

13. For Group 3 employees, the definition of disability shifts after benefits have been payable for 24 months. However, in this case, Lindquist died before 24 months of payments would be due, so the shifting definition of disability is not relevant.

14. The Plan also provides for a Survivor Benefit, equal to three months of the gross disability payment if, on the date of the participants death, his disability had continued for 180 consecutive days or more, and the participant was receiving or was entitled to receive payments under the plan.

15. Monthly benefit payments are equivalent to 60% of the participant's monthly

earnings up to $15,000 per month subject to reduction by certain deductible sources of income, such as Social Security benefits or wages during a period of disability.

16.   Survivor's Benefits are not subject to an offset.

17.   The Plan does not provide benefits for disability resulting from a pre-existing condition, defined as a condition:

- For which you received medical treatment, consultation, care or services, including diagnostic measures, or took prescribed drugs or medicines in the three months just prior to your effective date of coverage; and

- Which causes, contributes to or results in a disability that begins in the first 12 months after you effective date of coverage.

18.   Lindquist ceased work due to a disability on or about January 22, 2020 while covered under the Plan.

19.   Lindquist submitted an application for long term disability benefits pursuant to the Plan. Unum denied the claim on March 18, 2020 pursuant to the Plan's pre-existing condition clause.

20.   In accordance with the review procedures set forth in the Plan, 29 U.S.C. § 1133, and 29 C.F.R. § 2560.503-1, Lindquist appealed the termination of benefits, arguing that his condition was not subject to the pre-existing condition clause.

21.   By letter dated October 19, 2020, Unum denied Lindquist's appeal.

22.   Lindquist exhausted the required plan appeals prior to his death. The final decision was issued on October 19, 2020 refusing to approve long term disability benefits.

23.   Lindquist was continuously disabled as defined by the Plan until his death on November 10, 2020.

24.   The Plan documents do not grant discretion or any purported grant of discretion is

not sufficient to grant discretion to the entity that made the decision to deny benefits.

25.     The Court's standard of review is de novo under Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101 (1989).

26.     The entity that made the decision to deny benefits would pay any benefits due out of its own funds.

27.     The entity that made the decision to deny benefits was under a perpetual conflict of interest because the benefits would have been paid out of its own funds.

28.     The entity that made the decision to deny benefits allowed its concern over its own funds to influence its decision-making.

## FIRST CAUSE OF ACTION
## FOR PLAN BENEFITS AGAINST DEFENDANT
## PURSUANT TO 29 U.S.C. §§ 1132(a)(1)(B)

Plaintiff incorporates the allegations contained in paragraphs 1 through 28 as if fully stated herein and states further that:

29.     Under the terms of the plan, Defendant agreed to provide Lindquist with Long Term Disability benefits in the event that he became disabled as defined by the plan, as well as Survivor's Benefits should he die while LTD benefits were still payable.

30.     Lindquist satisfied the Plan definition of disability, and died while LTD benefits were payable.

31.     Defendant failed to provide benefits due under the terms of the plan, and this denial of benefits to Lindquist constitutes a breach of the plan.

32.     The decision to deny benefits was wrong under the terms of the plan.

33.     The decision to deny benefits and the decision-making process were arbitrary and capricious.

34. The decision to deny benefits was not supported by substantial evidence in the administrative record.

35. As a direct and proximate result of the aforementioned conduct of Defendant in failing to provide benefits for Lindquist's disability, the Estate has been damaged in the amount equal to the amount of benefits to which Lindquist would have been entitled under the plan, as well as Survivor's Benefits.

36. As a direct and proximate result of the aforementioned conduct of the Defendant in failing to provide benefits for Lindquist's disability, the Estate has suffered damages under the Plan, plus interest and other damages, for a total amount to be determined.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, The Estate of Troy A. Lindquist, requests that this Court grant the following relief in this case:

**On Plaintiff's First Cause of Action:**

1. A finding in favor of Plaintiff against Defendant;

2. Damages in the amount equal to the disability benefits to which he was entitled through date of judgment and for Survivor's Benefits pursuant to 29 U.S.C. § 1132(a)(1)(B);

3. Plaintiff's reasonable attorney fees and costs pursuant to 29 U.S.C. § 1132(g); and

4. Such other relief as this court deems just and proper.

Plaintiff further requests that the Court order Defendant to provide to Plaintiff a bound copy of the administrative record consecutively paginated.

Dated this 17th day of February, 2022.

        Respectfully Submitted,

        ANDREW REICHARDT
        ATTORNEY FOR PLAINTIFF

BY:   /s/ Andrew Reichardt
        Andrew Reichardt (#11343)
        The Law Office of Andrew Reichardt, PLLC
        5330 South 900 East, #115
        Salt Lake City, UT 84117
        Phone: (801) 261-3400
        Fax: (801) 261-3535
        E-mail: andrew@utdisability.com